ANNIE E. KIESTLER, by Guardians, Etc. v. VICKSBURG & MERIDIAN RAILROAD CO.

Ejectment — Peremptory Instruction — When Improper.

In an action of ejectment where only part of the land sued for is claimed by the defendant and there is a dispute as to the boundaries and there is a material conflict in the evidence it is error to give a peremptory instruction to find for the defendant.[1]

Deeds — Effect of Reference to Map in Description of the Land Conveyed.

It is error to assume that a map, referred to in the descriptive part of a deed merely to state that the lot conveyed was not numbered therein, was to govern as to boundaries.[2]

Ejectment by appellant, Kiestler, against appellee, the Vicksburg and Meridian Railroad Company. From verdict and judgment for defendant plaintiff appeals.

The land claimed by plaintiff was described as follows: "Bounded on the north by southern boundary of Owen Rhode survey, or lot 10 of said survey; on the east by Levee street continued through the surveys of Owen Rhode and F. Steigleman and J. W. Walker, and on the west by Front Levee street on the river, being the same lot on which J. W. Conklin resided, extending from said Levee street extended to Front Levee street on the

---

1

A peremptory instruction is proper only where all the facts in evidence taken as true, with every just inference from them, fail to maintain the issue Whitney v. Cook, 53 Miss. 551.

And if there is any conflict in the evidence, the view which is most favorable to the party against whom the instruction is asked must be taken as true. Carson v. Leathers, 57 Miss. 650.

Where there is a material conflict of evidence, a peremptory instruction should not be given. Richardson v. Tolliver, 71 Miss. 966; Thrasher v. Gillespie, 52 Miss. 840; Cantrell v. Railroad Co., 69 Miss. 435, 10 So. 580; Timberlake v. Compress Co., 72 Miss. 323, 16 So. 530.

Peremptory instruction to find a certain way is improper unless the court, on the evidence, would set aside a contrary verdict. Bernheim v. Dibrell, 66 Miss. 199, 5 So. 693; Holmes v. Simon, 71 Miss. 246, 15 So. 70.

When the evidence is sufficient to warrant a verdict for a party in any view of it which may be legally taken, a peremptory instruction in favor of his opponent should not be given. Railroad Co. v. Boehms, 70 Miss. 11, 12 So. 23; Holmes v. Simon, 71 Miss. 245, 15 So. 70; Tribbette v. Railroad Co., 71 Miss. 212, 13 So. 899; Rhymes v. Jackson, etc., Co., 85 Miss. 140, 37 So. 708.

river through from street to street, said lot of land not being numbered on the map of Vicksburg but marked down as F. Steigleman.   In the city of Vicksburg, Warren county, Mississippi." The defendant in its plea only defended for so much as lies west of the east line of Front street.   Plaintiff contended that their lot extended back to the river and that what was at one time Front street had caved into the river, and as the railroad was built along the bank of the river it was necessarily on her land.   Defendant contended that the western line of the lot is the eastern line of Front Levee street, as shown on Winn's map of the city of Vicks- burg, which, it contends, is east of where the railroad track was built.   The evidence shows that the property was sold by one Bobb to Christian Frank who afterward married F. Steigleman, and they conveyed to J. W. and A. J. Conklin and plaintiffs claim as heirs of Conklin.   The deed from Steigleman and wife to the Conklins describes the land as bounded on the east by Levee street, on the north by Rhode survey, or lot No. 10 of that survey, and on the west by Front Levee street, on the river; and it recites that it is the same lot on which J. W. Conklin then resided and that it was not numbered on the map of the city, but marked as F. Steigle- man.   Parol testimony was introduced by plaintiff to the effect that at the date of this deed J. W. and A. J. Conklin were rent- ing a small house on the land which they occupied as a store; that in front of this house and on the river bank was a road used by the public; that A. J. Conklin directed the drawing of the deed

In granting a peremptory instruction, the court assumes as true all testi- mony tending to establish the issue in favor of the losing party.   Tribbette v. Railroad Co., 71 Miss. 212, 13 So. 899.

It is only in cases free from doubt that the court will withdraw a case from the jury; but where it is plain that a verdict for plaintiff would not be permitted to stand on the facts proved, assuming the truth of the testimony and giving full effect to every just inference from it, the court should exclude the evidence or instruct for the defendant.   Railroad Co. v. Doyle, 60 Miss. 977.

2

A plot of the survey of land ought not to be admitted in evidence upon the mere certificate of the surveyor who made it, unless the survey were made under an order of court, or in pursuance of the statute for establishing private boundaries.   Carmichael v. Trustees of School Land, 3 How. 84.

A plot and certificate of survey made in pursuance of an order of court, if they show generally the metes and bounds of the *locus in quo*, may be intro- duced in evidence, though they do not show the parcels or lots of which the tract is composed.   Spears v. Burton, 31 Miss. 547.

and what was intended by Front Levee street on the river was this road; that this street had caved into the river before the building of defendant's railroad, and that the rails are now laid on the site of the house they occupied which was destroyed by fire. The deed to the Conklins was made in 1859 and they continued to occupy the house until it was destroyed by fire; that the road was built in 1872 and Conklin protested against the building of it on the land. Defendant introduced Winn's map of the city of Vicksburg, admitted to have been the city map in 1859, when the deed was made to the Conklins, and the sworn statements of two surveyors who stated that they surveyed the ground and found the southwest corner of Rhode survey as laid down on Winn's map to be east of the location of defendant's road, and that the east line of Front Levee street, shown on the map, was twenty-seven feet east of the railroad track. The court gave a peremptory instruction to find for defendant. From verdict and judgment in accordance therewith plaintiff appeals.

APPEALED from Circuit Court, Warren county, RALPH NORTH, Judge.

Reversed and remanded, April 26, 1886.

*Attorneys for appellant, Shelton & Crutcher.*

*Attorney for appellee, W. L. Nugent.*

Brief of Shelton & Crutcher:

The theory of defendant and that on which the court below seems to have acted is this:

That the city map shows Front Levee street west of the property in question, and the undisputed statement of the surveyors shows the east line of that street to be twenty-seven feet east of the location of the railroad track, and the deed from Rhode administrator shows that lot No. 10 did not reach the river. Therefore, since the deed to Conklin refers to the city map to identify and locate the property, and to lot No. 10 as its northern boundary, and since the Walker's survey bounds it on the south, plaintiff is conclusively estopped to claim further west than where Polk's survey shows the east line of the street, shown on the map to be.

\* \* \*   Nor can plaintiff be estopped by anything shown by the Walker survey. No reference to this survey is made in the deed. \* \* \*

Nor can plaintiff be estopped by the suggestion that no southern boundary for her lot can be found without referring to the Walker survey, and without such boundary the property could not be identified. The fact that a southern boundary only can be found in the Walker survey does not compel plaintiff to draw in her western boundary to correspond with the western boundary of Walker's survey, unless her deed so limited it.

The description of the lot as that on which J. W. Conklin resided affords sufficient data from which to establish the limits without referring to Walker's survey. \* \* \*

Admitting that such would be the case under ordinary circumstances, it cannot be so here for the plain reason that the admission of defendant that the property had never been laid out into lots and squares, and that no street had ever been created, dedicated, or condemned west of it, estops defendant to insist that there was a street there. And if he cannot insist that there was, he cannot insist that such street was the western boundary of the lot sold to Conklin, and that the eastern line of that street is east of the railroad track.

Having made this admission defendant cannot insist, in this case, on the existence of a street at that point. And if he cannot, all his testimony as to the location of the east line of that street is out of the case.

In Morgan & Harrison v. Reading, 3 S. & M. 396, the court says: " When parties to a suit agree upon the facts of a case and, for the purpose of using the agreement as evidence, reduce it to writing, they were concluded thereby, and no evidence to vary or contradict it can be admitted."

The map was competent evidence for certain purposes, but could not be used to controvert a fact conceded by this admission.

Suppose, then, plaintiff was estopped by this reference to the map, defendant's admission estops him to insist on that estoppel. Estoppel against estoppel sets the matter at large. Bigelow on Estoppel, 293. \* \* \*

Some of the rules governing in the construction of deeds are these: That the parties were supposed to contract with reference to the property as it stood at the date of the deed, and, therefore,

resort is had to these circumstances in explanation of their meaning. Martindale on Conveyancing, § 99.

The construction most favorable to the purpose of the deed must prevail. Martindale, § 100.

We, therefore, submit that the court erred in giving the instruction, because, upon the evidence, the plaintiff was entitled to a verdict.

And, certainly, she was entitled to have a jury pass upon the issues presented by the evidence in the case.

Brief of W. L. Nugent:

*    *    *    There would seem, therefore, to be no difficulty in the case whatever. The only tangible evidence to identify the calls of the deed under which the appellant claims is *the Winn map and the testimony of Polk and Dabney, competent engineers. These clearly show that the defendant was entitled to verdict and judgment. The plaintiffs were bound by the calls of their deed, and they are thereby estopped to claim that there was no such street as Front Levee. Their conveyance was made with reference to Winn's map of the city, and the existence of the street bounding their property on the west.*

The testimony of the appellants was wholly negative. Indeed, their witnesses seemed to be wholly ignorant on the subject of the Front Levee street. It devolved upon them to show that the *street* was improperly laid out, and, therefore, transgressed their boundary; but no such attempt was made. The court very properly put an end to the litigation by giving a peremptory charge to find for the defendant.

We hardly think there can be any controversy as to the dedication of Front Levee street. The maps and plats, and the very conveyance under which appellants claim, recognize its existence. Vick *v.* Vicksburg, 1 How. (Miss.) 379; Railroad Co. *v.* Mize, 39 Miss. 374; Gardner *v.* Tinsdale, 60 Am. Dec. 407, 422; Stacy *v.* Miller, 55 Am. Dec. 112; Valentine *v.* Barton, 33 Am. Dec. 711; Washburn on Equity, 195 *et seq.;* 59 Miss. 570; 3 Washburn on Real Property, 93; 18 Mich. 56; 1 Hill, 189; 5 Md. 314; 19 Wem. 128.

OPINION.— CAMPBELL, J., delivered the opinion of the court:

It should have been left to the jury to find where the boundary of the lot was. It was not correct to assume that the " Winn

map " was to govern as to the boundaries. It is true that this may was mentioned in the deed made by Steigleman, but only to state that the lot was not numbered on said map, and the deed describes the land conveyed as bounded " on the north by the southern boundary of Owen Rhode survey, or Lot 10 of said survey." This survey was of record, and a map of it shows the Mississippi river as its western boundary. The deed also de-' scribes the lot conveyed as that " on which J. W. Conklin now resides," and there is testimony that the railroad is on the site of the house then occupied by Conklin.

In view of the dispute as to boundary, and the conflicting evidence, the case should not have been withdrawn from the jury.

*Reversed* and remanded for a new trial.